■ EMPIRE BRUSHES, INC., Respondents-Appellants, v. EMANUEL GANTZ et al., Appellants-Respondents, et al., Defendant.— In an action for specific performance, injunctive relief and damages, (1) defendants Emanuel Gantz and Gant Brushes, Inc. appeal (a) from so much of an order of the Supreme Court, Westchester County, dated June 19, 1972, as, upon reargument, etc., adhered to the original determination embodied in an order-judgment of said court dated June 1, 1972, granting plaintiffs' prior motion for partial summary

judgment, and (b) from said order-judgment; and (2) plaintiffs cross-appeal from so much of said order of June 19, 1972 and from so much of said order-judgment as direct plaintiffs to pay interest to defendant Emanuel Gantz. Appeal and cross appeal from order-judgment dated June 1, 1972 dismissed. The order-judgment was superseded by the order dated June 19, 1972. Order dated June 19, 1972 reversed insofar as appealed from and plaintiffs' motion for partial summary judgment denied. Appellants-respondents are awarded one bill of $10 costs and disbursements to cover all the appeals. In October, 1967, there were four pending actions between the parties. As a result of pretrial conferences a stipulation of settlement was dictated into the record of those actions. It essentially provided as follows: (1) All four antecedent actions were settled and the parties released from any and all claims they might have against each other; (2) Defendants Emanuel and Philip Gantz were to sell their interest in (a) a closely held corporation, Empire Brushes, Inc. and (b) a family partnership, Empire Brush Works, to plaintiffs Jack and Harry Gantz for an amount in excess of $2,500,000; and (3) Said defendants would liquidate their closely held corporation, defendant Gant Brushes, Inc. (Gant), within six months after closing and not engage in the brush business for seven years. The stipulation also said that " any documents which shall be reasonably required by attorneys for either side to effectuate and carry out the terms of the settlement and the transactions described therein shall be furnished at the closing or thereafter." The closing was set down for December 18, 1967. On Friday, December 15, 1967, plaintiffs sent their drafts of the closing documents to defendants. Defendants' counsel found them unacceptable. On the closing date plaintiffs tendered performance. Defendants rejected their tender and the deal never closed. On June 18, 1968, plaintiffs commenced the instant action. Defendants served an answer which alleged 13 affirmative defenses. Two of such defenses alleged that plaintiffs had fraudulently misrepresented to the individual defendants the financial condition of the enterprises which the latter had agreed to sell. Shortly after the answer was served, defendant Philip Gantz complied with his part of the settlement and the instant action was discontinued as to him, leaving Emanuel Gantz and Gant as the only defendants. Plaintiffs then moved for partial summary judgment. Special Term struck all of the affirmative defenses and granted summary judgment as to the first and second causes of action. Special Term also directed that plaintiffs pay defendant Emanuel Gantz $307,366 of interest to June 18, 1972, plus $216.23 for each day thereafter until payment shall have been made in accordance with the terms of the settlement agreement. In our opinion there is an issue of fact as to whether plaintiffs fraudulently misrepresented the financial condition of Empire Brushes, Inc. and Empire Brush Works. If at the trial it is found that plaintiffs did not make fraudulent misrepresentations, the parties shall be bound by the terms of the stipulation. A further determination shall then be made of the factual issues whether plaintiffs' tender of the closing documents corresponded with the terms of the stipulation and whether the rejection of said documents by defendants' counsel was reasonable and in good faith. Rabin, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.